IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| Alexandra Smith,<br>                Plaintiff,<br>v.<br><br>Liberty Mutual Insurance Company,<br>                Defendant. | Case No. 16-CV-1044-FJG |

**ORDER**

Pending before the Court is Plaintiff's Motion to Remand and Integrated Suggestions in Support thereof (Doc. No. 6).

The present matter was filed in the Circuit Court of Jackson County, Missouri on August 23, 2016, and was timely removed to this court on September 26, 2016, based on diversity jurisdiction. One week later, on October 3, 2016, plaintiff moved to remand. Plaintiff's complaint, generally, asserts claims for breach of contract and vexatious refusal to pay as relates to defendant's alleged failure to pay her underinsured motorist benefits to which she claims she is entitled. Plaintiff asserts in her motion to remand that at no point has she made a demand for a specific sum exceeding $75,000 for underinsurance coverage. Additionally, plaintiff and her counsel have each provided the Court with a stipulation that the amount in controversy does not exceed $75,000 and that they will not accept or seek an amount in excess of $75,000. See Doc. 6, Exs. A and B. Defendant did not file timely opposition to the motion to remand.

As this Court noted in a recent order,

> [t]he Supreme Court held in St. Paul Mercury Indemnity Co. v. Red Cab Co., 303 U.S. 283 (1938), that a plaintiff may prevent removal by committing to accept less than the federal jurisdictional amount. After a case has been removed to federal court, however, it is too late for the plaintiff to foreclose federal jurisdiction by agreeing to collect less than the jurisdictional amount. Id. at 292–93. The rule from St. Paul Mercury has consistently been applied to cases in which the petition at the time of removal expressly stated a claim in excess of the jurisdictional amount, and therefore, removal jurisdiction

> had already attached....Plaintiff's petition in this case does not expressly state a claim in excess of the jurisdictional amount. Further, plaintiff now stipulates that her damages do not exceed and she will not seek an amount greater than $75,000.
>
> Where damages are not specified in a state court complaint, this Court and others in the Eighth Circuit have considered a post-removal stipulation to determine whether jurisdiction has attached, as long as the stipulation can be considered as clarifying rather than amending an original pleading.

Penn v. Cypress Media, L.L.C, No. 15-CV-00397-W-FJG, 2015 WL 5970591, at *3 (W.D. Mo. Oct. 13, 2015) (citing Levinson v. Cincinnati Ins. Co., No. 4:13–CV–1595 CAS, 2013 WL 5291772, *2 (E.D.Mo.Sept.19, 2013). Furthermore, the Court noted that "Because Missouri prohibits a plaintiff from seeking a specific amount of damages in his state court complaint, I may consider post-removal stipulations and pleadings to determine whether jurisdiction has attached, as long as it clarifies rather than amends an original pleading." Id. (citing Ashworth v. Bristol West Ins. Co., No. 4:13CV1599 CDP, 2013 WL 5493420 (E.D.Mo. Oct. 1, 2013)).

In the present case, the Court finds that plaintiff's stipulation is a clarification of the amount in controversy. Therefore, the Court finds that the amount in controversy is less than $75,000, and federal jurisdiction is lacking. Plaintiff's Motion to Remand (Doc. No. 6), therefore, is **GRANTED**. This case is remanded to the Circuit Court of Jackson County, Missouri.

**IT IS SO ORDERED.**

Dated: October 25, 2016　　　　　　　　　　　/s/ Fernando J. Gaitan, Jr.
Kansas City, Missouri　　　　　　　　　　　　Fernando J. Gaitan, Jr.
　　　　　　　　　　　　　　　　　　　　　United States District Judge